UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAMEEDH AL AZZAWI, | No. 2:15-cv-01468-GEB-AC |
| Plaintiff, | |
| v. | ORDER |
| KELLOGG BROWN AND ROOT, | |
| Defendant. | |

On October 14, 2015, the court held a hearing on defendant Kellogg Brown and Root's ("KBR" or "defendant") motion to dismiss or, in the alternative, motion to quash. Plaintiff appeared in pro per and Tracy Zinsou and W. Douglas Sprague appeared on behalf of defendant. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

Plaintiff filed his complaint in this matter on July 9, 2015. ECF No. 1. On August 14, 2015, defendant filed a motion to dismiss plaintiff's complaint based on a failure to properly serve under Rule 12(b)(5). ECF No. 5. On August 17, 2015, plaintiff filed a proof of service that included a certified mail receipt addressed to Kellogg Brown and Root (KBR), 601 Jefferson Street, Houston, Texas 77002. ECF No. 8. On August 24, 2015, plaintiff filed a notice,

explaining that on the day he filed his complaint in this matter he sent an email to defendant and the arbitrators before the Tribunal, letting them know he had done so. ECF No. 9. On September 4, 2015, plaintiff filed an email dated July 9, 2015, sent from one of the members of the Tribunal to the remaining members informing them of plaintiff's case. ECF No. 10.

On September 11, 2015, the court continued the hearing on defendant's motion to dismiss to October 14, 2015, because plaintiff had failed to file a timely opposition. ECF No. 12. On September 15, 2015, plaintiff filed an opposition to defendant's motion, arguing that defendant was properly served on two occasions: (1) when plaintiff sent documents to the address on defendant's website via certified mail; and (2) when plaintiff emailed defendant's counsel in the Tribunal matter to alert them of the commencement of this case. ECF No. 13. The next day, plaintiff filed a letter objecting to defendant's motion to dismiss based on the claim that defendant did not properly noticed the motion in accordance with the court's August 17, 2015, minute order. ECF No. 14. On October 7, 2015, defendant filed a reply to plaintiff's opposition arguing that plaintiff has yet to establish he properly served defendant in accordance with the Federal Rules or state law. ECF No. 15.

## LEGAL STANDARDS

When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). In federal court, sufficiency of process is governed by Rule 4. See Employee Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 999 (9th Cir. 2007). Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), cert. denied, 484 U.S. 870 (1987) (citation omitted).

Under Rule 4(h), a plaintiff may serve a corporation by delivering a copy of the summons to an officer, managing or general agent, or to any other authorized agent. In the Ninth Circuit, "service of process is not limited solely to officially designated officers, managing agents, or

agent appointed by law for the receipt of process." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988). Service may be made "upon a representative so integrated with the organization that he will know what to do with the papers." Id. (citation omitted). Service on an individual who holds a position that indicates authority with the organization generally is sufficient. Id.

Rule 4(h) states that service may also be made pursuant to the law of the state in which the district court is located or where service occurs. This court is located in California and plaintiff attempted to serve defendant in Texas. California Civil Procedure Code § 415.40 allows the service of a person outside the state by mailing the summons "to the person to be served" by first-class mail, return receipt requested. Section 416.10 provides that a corporation is served by delivering a copy of the summons and complaint to someone designated as agent for service of process, the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, or a general manager. In Texas, corporations may be served with process through their president, vice president, or registered agent. Tex. Bus. Orgs. Code Ann. §§ 5.201(b), 5.255(1). Accordingly, when a corporation is served by registered or certified mail the record must show that citation was delivered to the defendant through an agent authorized to receive service of process for the corporation. See Tex. R. Civ. P. 107(c) (requiring return of service to contain the return receipt with the addressee's signature).

Finally, California and the federal courts both have articulated standards of substantial compliance when it comes to service.[1] In California, this standard mandates that when serving a corporation the summons and complaint ultimately be received by one of the "persons to be served" as defined in Civil Procedure Code § 416.10. The Ninth Circuit's standard, on the other hand, requires the following:

> (a) the party that had to be served personally received actual notice, (b) the defendant would

---

[1] Neither party has pointed to authority indicating that Texas has a substantial compliance standard when it comes to service of process, and the court's own research indicates no such standard exists.

3

> suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

In re 701 Mariposa Project, LLC, 514 B.R. 10, 17 (B.A.P. 9th Cir. 2014) (quoting Whale v. United States, 792 F.2d 951, 953 (9th Cir. 1986)).

Insufficient service of process may result in either dismissal or the quashing of service under Federal Rule of Civil Procedure 12(b)(5).  Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.  Umbenhauer v. Woog, 969 F.2d 25, 30 (3rd Cir. 1992); Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2nd Cir. 1985); Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983).

## ANALYSIS

By addressing his summons and complaint to KBR the entity, and not to someone with the authority to accept service for KBR, plaintiff failed to properly serve defendant under both federal and state law.  The Federal Rules require that service upon a corporation be made, in person, to someone in a position of authority.  Fed. R. Civ. P. 4(h).  Although the Federal Rules encourage waiver of formal service, they do not allow for service by mail.  See Fed. R. Civ. P. 4(d), (h).  California and Texas law allow for service upon corporations by certified mail; however, both states require that people in certain positions of authority be named as an addressee.  Cal. Civ. P. Code § 416.10; Tex. Bus. Orgs. Code §§ 5.201(b), 5.255(1).  Plaintiff's own proof of service shows that he attempted to serve defendant by mail with an address naming *only* the corporate entity.  This plainly fails to meet the federal service rules, which require service to be done in person.  Plaintiff's attempt also falls short of the foregoing state laws on service because no *individual* authorized to accept service was named as an addressee.

Plaintiff has also not met state or federal standards for substantial compliance.  The federal substantial compliance doctrine exists to save instances of ineffective service based on *technical* defects to avoid dismissals that would prejudice the plaintiff.  Plaintiff's attempt to serve defendant via certified mail, when service by mail is not contemplated under the Federal Rules at all, is far from a technical defect.  See Anunciation v. W. Capital Fin. Servs. Corp., 97

4

1. F.3d 1458 (9th Cir. 1996) (citing a defect in the summons as an example of a technical defect).
2. Plaintiff's attempt at service also does not substantially comply with state law because there is no
3. evidence that one of the "persons to be served" listed in California Civil Procedure Code § 416.10
4. ever received the summons and complaint.  See Dill v. Berquist Constr. Co., 24 Cal. App. 4th
5. 1426, 1437 (1994), as modified on denial of reh'g (May 26, 1994) ("Therefore, Dill could be held
6. to have substantially complied with the statute if, despite his failure to address the mail to one of
7. the persons to be served on behalf of the defendants, the summons was actually received by one
8. of the persons to be served.").
9.      In light of the foregoing, the court finds that plaintiff has not met his burden of
10. establishing that he either strictly or substantially complied with applicable standards governing
11. service of process.  See Watts v. Enhanced Recovery Corp., Case No. 10-CV-02606-LHK, 2010
12. U.S. Dist. LEXIS 95708, at *12 (N.D. Cal. Sept. 1, 2010) ("Plaintiff has not cited, and this Court
13. has not found, any case in which a summons addressed only to a corporate entity, not directed by
14. name or by title to an individual listed in § 416.10 and not actually received by such person, has
15. been deemed to substantially comply with the statutory requirements.").  The court will not,
16. however, dismiss plaintiff's complaint.  Instead, because defendant can still be properly served,
17. the court will quash plaintiff's attempt at servic, and direct him to re-serve defendant within
18. fourteen (14) days of the service of this order.  As defendant noted at the hearing, **it can be**
19. **properly served by sending a copy of the summons and complaint via certified mail to: CT**
20. **Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.**
21. CONCLUSION
22.     THE COURT HEREBY ORDERS that
23.     1. Defendant's motion to dismiss or, in the alternative, motion to quash, ECF No. 5, is
24. GRANTED IN PART.
25. ///
26. ///
27. ///
28. ///

    2. Plaintiff must serve defendant within fourteen (14) days of the service of this order by sending via certified mail, postage prepaid, a copy of the summons and complaint to:

> CT Corporation System
> 1999 Bryan St., Suite 900
> Dallas, Texas 75201

Plaintiff must also file proof of service upon defendant with the court in the form of a receipt indicating the addressee and the date mailed. See Local Rule 135(c).

DATED: October 26, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE