UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAMEEDH AL AZZAWI, | No. 2:15-cv-01468-GEB-AC |
| Plaintiff, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS |
| KELLOGG BROWN AND ROOT, | |
| Defendant. | |

On January 13, 2016, the court held a hearing on defendant Kellogg Brown and Root's ("KBR" or "defendant") motion to dismiss. Plaintiff failed to appear; Joseph Law and Douglas Sprague appeared on behalf of defendant. On review of the motion, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

Plaintiff filed his complaint in this matter on July 9, 2015. ECF No. 1. On August 14, 2015, defendant filed a motion to dismiss plaintiff's complaint based on a failure to properly serve under Rule 12(b)(5). ECF No. 5. On October 26, 2015, the court granted defendant's motion in part, quashing plaintiff's attempt at service and ordering him to re-serve defendant at the proper address. ECF No. 17. On November 5, 2015, plaintiff filed a certificate of service upon defendant at the proper address. ECF No. 18. On November 23, 2015, defendant filed

another motion to dismiss, arguing that plaintiff lacks standing to assert any claim against KBR and has failed to allege facts sufficient to state a claim. ECF No. 19. On December 4, 2015, plaintiff filed an opposition to defendant's motion. ECF No. 22. On January 6, 2016, defendant filed a reply to plaintiff's opposition. ECF No. 23.

## LEGAL STANDARDS

The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Allen v. Wright, 468 U.S. 737, 750 (1984). To have Article III standing, a plaintiff must plead and prove that she has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. See Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997))). To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000). "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).

## ANALYSIS

The court should grant defendant's motion to dismiss under Rule 12(b)(1) with leave to amend because plaintiff's complaint does not allege any injury-in-fact caused by defendant's actions.

Plaintiff's complaint alleges that he and KBR are in the midst of arbitration proceedings before the International Centre for Dispute Resolution ("ICDR") concerning an alleged breach of contract. ECF No. 1. According to plaintiff, KBR subcontracted with him to assist in completing work it contracted to do with the federal government. Id. After the job was finished, plaintiff alleges that defendant failed to pay plaintiff the amount contracted for. Id. Plaintiff's breach of

contract allegations do not, however, form the basis of his claims. Instead, plaintiff alleges that defendant submitted fraudulent documents to the ICDR in response to the ICDR's request for vouchers submitted by defendant to the federal government for payment. Id. at 3–4. Based on that discovery violation plaintiff requests the court order defendant to "bear all the damage" sustained by plaintiff as a result of defendant's conduct.[1]

Defendant argues that the complaint should be dismissed under Rule 12(b)(1) for lack of standing, because plaintiff has not alleged facts establishing an injury in fact. ECF No. 19 at 5–6. Plaintiff alleges that defendant submitted fraudulent documents to the ICDR and that the ICDR did nothing in response to his allegations. ECF No. 1 at 3–4. However, plaintiff does not specify how defendant's submission of fraudulent documents to the ICDR actually harmed plaintiff. Defendant contends that ICDR, not plaintiff, would have been injured by any fraud upon that tribunal. Because of the lack of facts in the complaint, the court cannot evaluate that contention. However, it remains the case that plaintiff has not alleged what injury he has suffered that is traceable to defendant's allegedly fraudulent actions. The complaint therefore does not establish plaintiff's standing to sue.

Defendants' remaining arguments cannot be meaningfully addressed because it is unclear what claims plaintiff is attempting to assert. Plaintiff's complaint includes some facts, but it never explains the legal basis of his claims. Without a short and plain statement in accordance with Rule 8(a) showing why plaintiff is entitled to relief, defendant's more specific arguments (1) that the parties' arbitration agreement precludes plaintiff from bringing his claims before this court, and (2) that plaintiff's allegations fail to state a claim, are simply premature.

Because plaintiff is proceeding pro se, the court will recommend that defendant's motion to dismiss be granted with leave to amend. See Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality . . . . This policy is applied even more liberally to pro se litigants." (citations and

---

[1] Since the filing of defendant's motion to dismiss, the ICDR has issued its decision in the case. ECF No. 23 (Defendant's Reply, noting that the ICDR issued its partial final award on November 25, 2015). In plaintiff's opposition he also requests that the court vacate the ICDR's decision. ECF No. 22 at 9.

1   internal quotation marks omitted)).  Plaintiff is cautioned that any amended complaint must
2   include a short and plain statement in accordance with Federal Rule 8(a) pointing to some
3   cognizable legal theory that entitles him to relief.  Plaintiff must also include allegations showing
4   he has suffered an injury-in-fact that resulted from defendant's actions.  Any amended complaint
5   must also show that the federal court has jurisdiction, the action is brought in the right place, and
6   plaintiff is entitled to relief if his allegations are true.  The amended complaint should contain
7   separately numbered, clearly identified claims.

8       In addition, the allegations of the amended complaint must be set forth in sequentially
9   numbered paragraphs, with each paragraph number being one greater than the one before, each
10  paragraph having its own number, and no paragraph number being repeated anywhere in the
11  complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.
12  Fed. R. Civ. P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff
13  must avoid narrative and storytelling.  That is, the complaint should not include every detail of
14  what happened, nor recount the details of conversations (unless necessary to establish the claim),
15  nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint
16  should contain only those facts needed to show how the defendant legally wronged the plaintiff.

17      Local Rule 220 requires that an amended complaint be complete in itself without
18  reference to any prior pleading.  This is because, as a general rule, an amended complaint
19  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
20  plaintiff files an amended complaint, the original pleading no longer serves any function in the
21  case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
22  involvement of each defendant must be sufficiently alleged.

23                                CONCLUSION

24      In accordance with the foregoing, THE COURT HEREBY ORDERS that its February 24,
25  2016, initial scheduling conference is VACATED, to be calendared for a future date if necessary.
26      THE COURT FURTHER RECOMMENDS that:
27      1. Defendant's motion to dismiss, ECF No. 19, be GRANTED with leave to amend; and
28      2. Plaintiff be granted thirty days from the date of service of the presiding district judge's

1 order to file an amended complaint that complies with the requirements of the Federal Rules of
2 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
3 number assigned this case and must be labeled "First Amended Complaint;" plaintiff must file an
4 original and two copies of the amended complaint; failure to file an amended complaint in
5 accordance with this order will result in a recommendation that this action be dismissed.

6 These findings and recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
8 days after being served with these findings and recommendations, any party may file written
9 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Any reply to the objections shall be served and filed within
11 fourteen (14) days after service of the objections.   The parties are advised that failure to file
12 objections within the specified time may waive the right to appeal the District Court's order.
13 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14 DATED: January 14, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE