UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAMEEDH AL AZZAWI,<br><br>  Plaintiff,<br><br>  v.<br><br>KELLOGG BROWN AND ROOT,<br><br>  Defendant. | No. 2:15-cv-1468 GEB AC (PS)<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding pro se in this action. The proceeding was referred to a United States Magistrate Judge by Local Rule 302(c)(21). Defendant has moved to dismiss, and the parties have fully briefed the motion. ECF Nos. 29, 30, 31.[1] The undersigned has determined that the matter may be resolved without the need for a hearing.

I.  THE COMPLAINT

As best the court can tell, the complaint alleges the following.[2] Defendant is the prime contractor under U.S. government Prime Contract No. DAAA09-02-D-0007. Complaint at 2 &

---

[1] Plaintiff has filed a "Supplement" to his opposition to the motion to dismiss. This filing is not authorized by the Local Rules, and is disregarded.

[2] Plaintiff's 851-page complaint (including exhibits), is composed of seven single-spaced pages, with paragraphs stretching to 50 unbroken lines, followed by hundreds of pages of incorporated exhibits. It plainly does not comply with Fed. R. Civ. P. 8, which requires a "short and plain" statement showing why this court has jurisdiction, and why plaintiff is entitled to relief. However, since this amended complaint is even longer and more difficult to read than the original 257-page complaint (including exhibits), the undersigned will attempt to interpret it rather than ask plaintiff to try again.

1    Exh. Y (ECF No. 26-1 at 49, 50). Al-Farez Wamed Co. (referred to in the complaint as "Al

2    Farez"), is the subcontractor under Subcontract No. 02H8-VS-SJ00163. Complaint at 2 & Exh. Y

3    at 49, 50. Plaintiff alleges that defendant breached this contract. Plaintiff signed the contract as

4    the "General Manager" of Al Farez. Complaint Exh. Y at 50.

5    Plaintiff further alleges that on September 25, 2012, he initiated an arbitration claim

6    against defendant with the "ICDR," which, according to the exhibits to the complaint, refers to

7    the International Centre for Dispute Resolution. Although plaintiff alleges that *he* initiated the

8    arbitration claim, it is clear from the exhibits attached to the complaint that Al Farez is the sole

9    "claimant." See, e.g., Exhs. J (ECF No. 61 at 277, 332), K (ECF No. 61 at 281). According to

10   the complaint, defendant submitted false and fraudulent documents during the arbitration, and

11   defendants otherwise committed fraud during the arbitration proceedings. Plaintiff alleges that

12   "the Arbitrators gave their Final award" on January 27, 2016.

13                                II.  MOTION TO DISMISS

14       A.  Standing

15   Defendant argues that plaintiff lacks standing to bring this lawsuit. The "case or

16   controversy" requirement of Article III of the U.S. Constitution limits this federal court's

17   jurisdiction by requiring that plaintiffs have "standing" to bring the lawsuit. Allen v. Wright, 468

18   U.S. 737, 750 (1984). As pertinent to this case, in order to have standing, a party "'must assert

19   his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests

20   of third parties.'" Kowalski v. Tesmer, 543 U.S. 125, 129 (2004) (quoting Warth v. Seldin, 422

21   U.S. 490, 499 (1975)). "[A]t an irreducible minimum, Art. III requires the party who invokes the

22   court's authority to show that he personally has suffered some actual or threatened injury as a

23   result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to

24   the challenged action and is likely to be redressed by a favorable decision." Valley Forge

25   Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472

26   (1982) (citations and internal quotation marks omitted).

27   Here, plaintiff is asserting the rights of a third party, namely, Al Farez. He alleges that Al

28   Farez's contract rights were breached, and he alleges that Al Farez was defrauded during the

1  course of the arbitration.  However, there is nothing in the complaint or its exhibits to explain
2  why plaintiff is entitled to sue for harm allegedly suffered by Al Farez.

3  An exception to the standing rule may exist if the plaintiff has a sufficiently close
4  relationship to the third party, and if there is a "hindrance" to the third party being able to assert
5  its own rights.  Kowalski, 543 U.S. at 130.  While the exhibits to the complaint may be read to
6  assert that plaintiff is closely aligned with Al Farez – the complaint alleges that plaintiff is the
7  "owner and corporate officer," and the exhibits indicate that he is the "General Manager" – there
8  is no allegation in the complaint or exhibits from which the court can infer that Al Farez cannot
9  assert its own rights in court.

10  Accordingly, plaintiff has no standing to bring this lawsuit.  "In the absence of standing, a
11  federal court lacks subject matter jurisdiction over the suit."  Righthaven LLC v. Hoehn, 716 F.3d
12  1166, 1172 (9th Cir. 2013) (internal quotation marks omitted).

13  B.  Other Issues

14  Defendant also argues: (1) that plaintiff is improperly attempting to have a "second bite"
15  at the ICDR arbitration, which was finally resolved against him; (2) that this lawsuit should be
16  dismissed as duplicative of the later-filed Azzawi v. Int'l Centre for Dispute Resolution
17  Organization, 1:16-cv-0548 (S.D.N.Y.);[3] and (3) that the complaint fails to plead fraud with the
18  particularity required of Fed. R. Civ. P. 9(b).

19  As discussed above, the undersigned finds that plaintiff lacks standing, and that this court
20  therefore lacks jurisdiction to consider this case.  These additional grounds for dismissal therefore
21  need not be considered.

22  III.  CONCLUSION

23  For the reasons set forth above, IT IS HEREBY ORDERED that the hearing on this
24  matter, scheduled for April 20, 2016, is VACATED.

25  Further, IT IS HEREBY RECOMMENDED that:

26  1.  Defendant's motion to dismiss (ECF No. 29), should be GRANTED; and that

---

[3] This action was initially filed in this court, and was transferred to the Southern District of New York.  See Azzawi v. Int'l Centre for Dispute Resolution Organization, 2:16-cv-0093 KJM CKD, ECF No. 5 (E.D. Cal. January 20, 2016).

3

2. This action should be DISMISSED for lack of subject matter jurisdiction, based upon plaintiff's lack of standing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 14, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE